BRUNOT, J.
 

 This is a suit for the alleged value of certain securities which the plaintiff deposited with the brokerage firm of Fontaine Martin & Co., to be held and used by that firm, under her irrevocable power of attorney. Clothed with this power of attorney, Fontaine Martin & Co. pledged plaintiff’s securities to the defendant bank, as collateral, to secure the payment of an indebtedness of that eo'mpany to the bank. Upon the nonpayment of the note thus secured, the bank sold the securities and applied the proceeds of the sale towards its payment.
 

 The plaintiff contends that the securities were not to be pledged by Fontaine Martin & Co. for any other purpose, nor was the power of attorney to be used except for the specific, designated purpose of protecting the margins, etc., of the brokerage transactions of the plaintiff and her husband, and that the. defendant bank had actual or constructive knowledge .of her ownership of the securities pledged, and of the want of authority of the brokers to pledge them.
 

 The trial judge found that when the plaintiff delivered her securities and her irrevocable power of attorney to Fontaine Martin & Co., she clothed her brokers with full power to convey an indefeasible pledge or sale of the securities to a third person, except in case of fraud of which the pledgee or purchaser had proper notice. He found that the defendant acted in good faith, in the .usual course of business, and without notice of fraud, and he therefore dismissed the plaintiff’s suit. Plaintiff appealed from the judgment. ,
 

 It is admitted that Fontaine Martin & Co. suspended business January 29, 1929, and were adjudicated bankrupts January 31,
 
 *612
 
 1929. We do not think it is necessary to review the testimony in detail. It convinces ns, as it did the trial judge, that the defendant bank accepted the securities, in pledge, as collateral, to secure the payment of a note given by Fontaine Martin & Oo. to the bank, in good faith, in the usual course of business, and without notice or knowledge of any fraud whatever. This conclusion disposes of the case.
 

 Plaintiff has cited a number of cases under each one of the points designated in her brief as Nos. 1, 2, 3, 4, 5, and 6. We readily concede that the authorities cited announce correct principles of law, but our reference to these authorities convinces us that not one of them has application to the facts of this case, and, for that reason, we feel it
 
 would
 
 be a fruitless waste of time to review them in this opinion.
 

 In the lower court, the defendant bank objected to all testimony offered by the plaintiff except such as tended to prove fraud and knowledge thereof on the part of the defendant. This objection was referred to the effect of the testimony. Whether or not the testimony offered .under this ruling should have been excluded is of no consequence, for the trial judge correctly found that the defendant bank acted in good faith, in the due course of .business, and without notice of any fraud whatever. Under this state of facts, the defendant cannot legally or equitably be made to suffer a loss which resulted from plaintiff’s misplaced confidence in her brokers. We think this conclusion is so in accord with the jurisprudence of all jurisdictions of the country that the citation of authorities supporting it would be superfluous.
 

 The judgment appealed from is therefore affirmed, at appellant’s cost.